LAW OFFICE OF
# VACCARO & WHITE
THE TRANSPORTATION BUILDING
225 BROADWAY, 13TH FLOOR
NEW YORK, NEW YORK 10007
—

TEL: (212) 577-9710
FAX: (212) 577-9715

STEVE VACCARO
ADAM D. WHITE

GAIL S. MILLER
OF COUNSEL

**BY ECF**

August 29, 2014

Magistrate Judge Cheryl L. Pollak
United States District Court for the E.D.N.Y
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Iijima v. City of New York, et al.* 13-CV-2688 (ARR) (CLP)

Dear Judge Pollak:

      We represent plaintiff in the above action. This letter sets forth, pursuant to the Court's order of July 31, 2014, plaintiff's view of defendants' remaining obligation to respond to Plaintiff's Second Request for Production (the "Requests").[1]

      As stated by the Court at the July 31 conference, the three-page limit for letter submissions concerning these discovery disputes does not apply. The text of each Request, a summary of the parties' dispute, and a brief statement of the rationale for production follows.

## General Response to Defendants' Objections

      **Scope of Requests as to Time.** Defendants object to Requests 5-9, 11-14, 16, and 19-22 on the ground that they "not limited in time." Defendants' apparently overlooked the specification in plaintiff's Instruction 4 to her Second Demands for Production, which states that unless a Request specifies otherwise, responsive documents are sought for the period of the period of February 21, 2010 (the date three years prior to Oyamada's death) through the present.[2]

---

[1] Defendants' August 21, 2014 Response ("Deft. Resp.") to Plaintiff's Second Request for Production is attached as Exhibit 1. Defendants' responses are described as answers to "interrogatories" (Deft. Resp., at p.3 *et seq.*), but that appears to be a mistake.

[2] Had counsel for defendants raised this issue during the parties' meet-and-confer sessions, the limitation in Instruction 4 would have been brought to their attention.

***records Ryo Oyamada.*** <u>See</u> Letter from Binyomin Travis to Christopher Fitzgerald (Jan. 7. 2014) (attached Ex. 15).

Defendants give no reason why they should be entitled to two days' worth of cell phone records from Oyamada, but Ilardi should be only be required to answer a narrow interrogatory asking if he was "on his cell phone at the moment of the accident" (Defts. Resp., at 10), with no opportunity for plaintiff to test that answer against his cell phone records.

    \*    \*    \*    \*

For the reasons stated above, plaintiff requests to Court to enter an order directing defendants to produce the requested discovery in whole or in part.[5]

Respectfully,

/s/
Steve Vaccaro

cc: David DePugh, New York City Law Department (by ECF)

---

[5] Defendants' responses and objections to Requests 10 and 19-22 are not discussed in this letter because defendants stated in their August 21 Response that they will conduct searches for documents responsive to those Requests. If defendants' responses are not satisfactory, plaintiff reserves her right to seek relief as to those Requests from the Court.