

ZACHARY W. CARTER, ESQ.
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

October 10, 2014

Magistrate Judge Cheryl L. Pollack
U.S. District Court for the E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Mayuma Iijima, proposed Administrator of the Estate of Ryo Oyamada, Deceased, v. The
City of New York, The New York City Police Department and Darren Ilardi, 13 CV 2688

Dear Judge Pollack:

As per the Court's directive from the October 2, 2014 compliance conference, the defendants
respond to plaintiff's letter dated August 29, 2014. I have included the Defendants' Response to
Plaintiff's Second Requests for Production, with new additional commentaries where appropriate
which are prefaced "Supplemental response to the court". The only other alterations are the
substitution of the word "requests" for "interrogatories", as well as an amended response to
Request 18 to reflect this Court's ruling from the October 2 conference.

As an overview, the Court should note some basic groupings. The first group are requests
(numbers 10, 15, 17, 18, 19, 20, 21, 22) that the defense agrees to attempt to comply with, or has
already complied with.

The second group are requests (numbers 5, 6, 7, 8, 9, 11, 16) that involve new causes of action
that are the subject of plaintiff's pending motion to amend his complaint, to which the defense
has submitted opposition. The defense awaits the Court's ruling on the motion before acting on
those requests.

The third group are requests (numbers 1, 2, 12, 13, 14) that the defense has in effect already
partially complied with in its substantial previously exchanged discovery responses, including
the Accident Investigation Squad's case file, the Internal Affairs Bureau documents, memo book
entries from the officer driver and his partner. However, the new requests are worded in such an
objectionably overbroad manner that they stretch far beyond the scope of this lawsuit.

Finally, there is a small number of requests (numbers 3, 4) that the defense simply objects to as palpably improper.

Very truly yours,

DAVID DEPUGH, ESQ.
Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MAYUMI IIJIMA, proposed Administrator of Estate of
RYO OYAMADA, Deceased,

                                       Plaintiff,

                 -against-

THE CITY OF NEW YORK, THE CITY OF NEW YORK
POLICE DEPARTMENT and DARREN ILARDI,

                                Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S SECOND
REQUESTS FOR
PRODUCTION**

13-CV-2688 (ARR)(CLP)

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants City of New York, The New York City Law Department and Darren Ilardi respond and object to Plaintiff's Second Set of Requests for Production of Documents as follows:

**GENERAL STATEMENT**

        1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Defendants object to these Document Requests to the extent that they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

        3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.     Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.     Defendants object insofar as plaintiff's requests impose obligations upon defendants beyond that which is required under the Federal Rules of Civil Procedure.

6.     Defendants continuously object in the entirety to any request for information concerning the police department that is not relevant to the subject matter of this lawsuit.

7.     Defendants further object in the entirety to any request for information that is not in their possession, custody or control.

8.     Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel.   Defendants also reserve the right to object to the future disclosure of any such information.

## REQUESTS

### REQUEST NO. 1:

Produce any document concerning or evidencing the presence or activities of any NYPD employee present within a two-block radius of the Crash location for the period of 00:30 through 02:45 on February 21, 2013, including without limitation any documents concerning or

evidencing crowd control activities, crash investigation activities, and or the presence or activities of any Disorder Control Unit personnel.

## OBJECTION AND RESPONSE TO REQUEST NO. 1:

Defendants object to Request No. 1 on the grounds that it is vague, ambiguous, overbroad and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants have already exchanged the Accident/Collision Investigation Squad's file and the worksheets from the Internal Affairs Bureau's file in the Defendant's Response to Plaintiff's Demand for Documents.

*Supplemental response to the Court:*  The previously exchanged discovery already details the extensive investigation performed by the NYPD regarding the motor vehicle accident in question.   As plaintiff's counsel ("counsel") inadvertently makes clear in his August 29 letter, the additional discovery he seeks does not deal directly with the decedent's accident.  Instead, he is now improperly broadening the scope of discovery to cover the emergency call to which Officer Ilardi was responding.  Counsel's essential argument is that this emergency call (a "10-34" call for assistance to deal with a "man with a knife") was not *really*  an emergency.  To support this completely speculative theory, counsel cites one of the previously exchanged videos that depicts other officers walking at what counsel characterizes as an "unhurried pace" and a "lack of urgency", and he also speculates that the unknown complainant who reported the man with a knife was "crying wolf".  Counsel further questions the propriety of the officers switching from a prior call regarding domestic violence, to the second call for a man with a knife.

This entire line of argument directly contravenes the doctrine asserted by the New York Court of Appeals in Criscione v. City of New York, 97 NY2d 152 (2001).  Criscione dealt directly with the issue of what does, and does not, constitute an emergency run.  Moreover, the

- 5 -

fact pattern in Criscione has parallels to the fact pattern in the instant case: the officer driver in question was responding to a radio call and became involved in a motor vehicle accident. Unlike the current case, the radio call in Criscione was merely for a "family dispute"; no mention was made of a weapon. Also unlike the current case, both the defendant officer driver and Mr. Criscione (who was the 'recorder' officer in the vehicle) testified that they did *not* consider the radio call to be an emergency, and they did *not* consider themselves to be on an emergency run. Not surprisingly, given the testimony of the driver himself, the jury found that the officers had not been on an emergency run.

The Court of Appeals disagreed and overturned the verdict. The Court relied on the plain language of Vehicle and Traffic Law § 114-b, which defines an emergency run as when "such [police] vehicle is responding to . . . a police call." The Court held that a radio call was clearly a police call under the meaning of the statute, and added, "nor do we discern any legislative intent to vary the definition of 'emergency operation' based on individual police department incident classifications." 97 NY2d at 157. The Court further held, "Given the legislative determination that a police dispatch call is an 'emergency operation', *it is irrelevant whether the officers believed that the . . . call was an emergency* or how the Police Department categorized this type of call." [emphasis mine] 97 AD2d at 158.

The Court of Appeals' ruling in Criscione eviscerates counsel's rationale for dramatically expanding the orbit of discovery beyond the motor vehicle accident in question. Under the Criscione doctrine, it is irrelevant and undiscoverable whether or not Officer Ilardi *or any other officer on duty that night*, believed that the "man with a knife" radio call was a true emergency or not.

Another area where counsel seeks to improperly expand the orbit of discovery is his attempt to effectively demonstrate that the investigation was insufficient. Counsel asserts his belief that the officers either negligently or intentionally did not interview people at the scene and did not investigate as thoroughly as they should have. The case law is quite clear that there is no cause of action for a negligent or insufficient police investigation. Medina v. City of New York, 102 AD3d 101 (1st Dept. 2012); Coyne v. State, (3rd Dept. 1986). Counsel's other arguments are purely speculative.

**REQUEST NO. 2:**

Produce any document concerning or evidencing the whereabouts, assignment and/or activities of the following NYPD personnel during the period of 23:45 on February 20 through 02:45 on February 21, 2013; Ilardi; Jason Carman (Shield # 28065); Sgt. f/n/u Fletcher (Shield # 991); P.O. Smith Dorsaint (command as of 2/21/13, 3809); Sgt. f/n/u Haklin Ng (command as of 2/21/13, # 809); P.O. f/n/u Anthony Coppola (command as of 2/21/13, # 809); P.O. Brito (Shield # 4613).

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

Defendants object to Request No. 2 on the grounds that it is vague, ambiguous, overbroad and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants have already exchanged the memo book entries for Darren Ilardi and Jason Carman in the Defendant's Response to Plaintiff's Demand for Documents.

*Supplemental response to the Court:* The actions of other officers that may have come either to the scene of the accident or to the "10-34 call" are completely irrelevant and are not material or

- 7 -

necessary to the instant lawsuit.  Please see the defense's supplemental response to the court regarding request 1.

**REQUEST NO. 3:**

Produce any document concerning the location, assignment, use, custody or operation of any of the following vehicles for period of 21:45 on February 20 through 02:45 on February 21, 2013: NYPD RMP # 5057, NYPD RMP # 9057, NYPD RMP # 9357 or NYPD van # 9336.

**OBJECTION AND RESPONSE TO REQUEST NO. 3:**

Defendants object to Request No. 3 on the grounds that it is vague, ambiguous, overbroad and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

*Supplemental response to the Court:*  The actions of other officers that may have come either to the scene of the accident or to the "10-34 call" are completely irrelevant and are not material or necessary to the instant lawsuit.  Please see the defense's "Supplemental response to the Court" regarding request 1.

**REQUEST NO. 4:**

Produce any document concerning the assignment, use or custody of any NYPD-owned vehicle that on February 21, 2013, between the hours of 00:30 and 01:00, was operated on 40th Avenue between Vernon Boulevard and 12th Street.

**OBJECTION AND RESPONSE TO REQUEST NO. 4:**

Defendants object to Request No. 4 on the grounds that it is vague, ambiguous, overbroad, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

*Supplemental response to the Court:* The actions of other officers that may have come either to the scene of the accident or to the "10-34 call" are completely irrelevant and are not material or necessary to the instant lawsuit. Please see the defense's supplemental response to the court regarding request 1. In addition to all the reasons cited, this request is literally impossible to comply with as worded. Counsel's suggested "narrower" search is still impossible to comply with as worded.

**REQUEST NO. 5:**

Produce any document constituting or used in connection with the NYPD Emergency Vehicle Operators Course, or any "Driver Training refresher course" or "Re-Training" offered by NYPD to police officers as described in Worksheet No. 88 to the IAB investigation of this incident.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:**

Defendants object to Request No. 5 on the grounds that it is subject to the court's pending ruling on plaintiff's motion to amend his complaint. The defendants also object because the interrogatory is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

Produce any document referencing or concerning the participation of Ilardi in the Emergency Vehicle Operators course, or in any other training or educational program offered by the NYPD with respect to the operation of motor vehicles.

**OBJECTION AND RESPONSE TO REQUEST NO. 6:**

Defendants object to Request No. 6 on the grounds that it is subject to the court's pending ruling on plaintiff's motion to amend his complaint. The defendants also object because

the interrogatory is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

Produce any document concerning any committee convened within the 114th Precinct or PSA 9 to address the issue of traffic accidents or collisions involving NYPD vehicles.

**OBJECTION AND RESPONSE TO REQUEST NO. 7:**

Defendants object to Request No. 7 on the grounds that it is subject to the court's pending ruling on plaintiff's motion to amend his complaint. The defendants also object because the request is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

Produce any document constituting rules, regulations, protocols, standards, guidelines or directives with respect to the safe operation of emergency vehicles by NYPD personnel.

**OBJECTION AND RESPONSE TO REQUEST NO. 8:**

Defendants object to Request No. 8 on the grounds that it is subject to the court's pending ruling on plaintiff's motion to amend his complaint. The defendants also object because the Request is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

Produce any document concerning or referencing any instance in which discipline or retraining were required for any NYPD employee based upon that employee's fault in causing a motor vehicle accident or collision.

**OBJECTION AND RESPONSE TO REQUEST NO. 9:**

Defendants object to Request No. 9 on the grounds that it is subject to the court's pending ruling on plaintiff's motion to amend his complaint.  The defendants also object because the Request is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

Produce the video given by Queens Homicide ADA Diaz to Officer Peter Cappuccilli on May 2, 2013, as described in Worksheet No. 65 to the IAB investigation of this incident.

**OBJECTION AND RESPONSE TO REQUEST NO. 10:**

Defendants object to Request No. 10 as it seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving or in any way limiting these objections and the General Objections, a search is being conducted for the video.

**REQUEST NO. 11:**

Produce any email or other communication between or among NYPD personnel concerning Ryo Oyamada, including without limitation any such communication between or among personnel assigned to Housing PSA 9, the 114th Precinct, the Internal Affairs Bureau or any group thereof, the Transportation Bureau, the Accident Investigation Squad of any Highway District, the Deputy Commissioner for the Public Information, or the Driver Education and Training Unit.

**OBJECTION AND RESPONSE TO REQUEST NO. 11:**

Defendants object to Request No. 11 on the grounds that it is subject to the court's pending ruling on plaintiff's motion to amend his complaint.  The defendants also object because

- 11 -

the Request is privileged (including but not limited to attorney-client privilege) as well as vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

Produce any document referencing Ryo Oyamada.

**OBJECTION AND RESPONSE TO REQUEST NO. 12:**

Defendants object to request No. 12 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

*Supplemental response to the Court:* The City has already exchanged the Accident Investigation Squad file, Internal Affairs documents, and other police documents regarding this accident. To the knowledge of the defense, it has already complied with this demand as regarding the motor vehicle accident in question. But there is simply no way to conduct a search for "any document referencing" any single human being. Indeed, the phrase "any document" is the perfect textbook example of an overbroad and vague demand. Most of the specific individuals listed in counsel's August 29 letter have no discernable connection to the actual motor vehicle accident in question, especially the individuals from the Police Academy, Transportation Bureau, and Driver Education and Safety Unit.

**REQUEST NO. 13:**

Produce any document referencing the Crash.

**OBJECTION AND RESPONSE TO REQUEST NO. 13:**

Defendants object to Request No. 13 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

- 12 -

*Supplemental response to the Court:*  The City has already exchanged the Accident Investigation Squad file, Internal Affairs documents, and other police documents regarding this accident.  To the knowledge of the defense, it has already complied with this demand as regarding the motor vehicle accident in question.  But there is simply no way to conduct a search for "any document referencing" any event.  Indeed, the phrase "any document" is the perfect textbook example of an overbroad and vague demand.

**REQUEST NO. 14:**

Produce any document referencing or concerning skid marks left by the vehicle that struck Ryo Oyamada.

**OBJECTION AND RESPONSE TO REQUEST NO. 14:**

Defendants object to Request No. 14 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.

*Supplemental response to the Court:*  The City has already exchanged the Accident Investigation Squad file, Internal Affairs documents, and other police documents regarding this accident.  To the knowledge of the defense, it has already complied with this demand as regarding the motor vehicle accident in question.  But there is simply no way to conduct a search for "any document referencing" an event.  Indeed, the phrase "any document" is the perfect textbook example of an overbroad and vague demand.

**REQUEST NO. 15:**

Produce any document referencing or concerning the identification, review, collection or editing of any video recording depicting, or suspected to possibly depict, events within a two-block radius of the Crash location for the period of 23:45 on February 20 through 02:45 on February 21, 2013.

**OBJECTION AND RESPONSE TO REQUEST NO. 15:**

Defendants object to Request No. 15 because it is vague, ambiguous, overbroad, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants have already conducted a search and has not found any further documents over and above what has been previously exchanged.

**REQUEST NO. 16:**

Produce any document referencing the operation by Ilardi of a motor vehicle.

**OBJECTION AND RESPONSE TO REQUEST NO. 16:**

Defendants object to Request No. 16 on the grounds that it is subject of the court's pending ruling on plaintiff's motion to amend his complaint.  The defendants also object because the Request is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 17:**

Produce any data or information contained in or extracted from any recording device that was incorporated into or contained within the vehicle Ilardi was operating at the time of the Crash.

**OBJECTION AND RESPONSE TO REQUEST NO. 17:**

Defendants object to Request No. 17 on the grounds that it is vague, ambiguous, and overbroad.  Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants have already exchanged CDs that would have any such information.  The defendants are now attempting to procure this information in a different format, as per plaintiff's counsel's request.

- 14 -

**REQUEST NO. 18:**

Produce any information reflecting use by Ilardi of a cellular phone or other portable electronic communication device during the period of 23:45 on February 20 through 02:45 on February 21, 2013.

**OBJECTION AND RESPONSE TO REQUEST NO. 18:**

Defendants object to Request No. 18 because it is vague, ambiguous, and overbroad. Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants will comply with the Court's directive to provide cell phone records for 30 minutes prior to and after the accident, the phone numbers redacted except for area codes.

**REQUEST NO. 19:**

Produce any written policy, rules, guidelines, procedures, protocols or memoranda concerning the authority and/or discretion of officers on patrol to independently decide to respond to an assignment or situation to which they have not been duly assigned through the NYPD chain of command.

**OBJECTION AND RESPONSE TO REQUEST NO. 19:**

Defendants object to Request No. 19 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants will conduct a search for such materials.

**REQUEST NO. 20:**

Produce any written policy, rules, guidelines, procedures, protocols or memoranda concerning the authority and/or discretion of officers assigned to respond to a

complaint to independently decide to detour from that assignment without further instructions through the NYPD chain of command.

**OBJECTION AND RESPONSE TO REQUEST NO. 20:**

Defendants object to Request No. 20 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants will conduct a search for such materials.

**REQUEST NO. 21:**

Produce all documents created, received or maintained by the New York City Fire Department referencing or concerning either the Crash, or Ryo Oyamada.

**OBJECTION AND RESPONSE TO REQUEST NO. 21:**

Defendants object to Request No. 21 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections and the General Objections, the defendants will conduct a search for such materials.

**REQUEST NO. 22:**

Produce for inspection any physical evidence of the Crash, including without limitation any personal possessions belonging to Ryo Oyamada and any forensic evidence of Ryo Oyamada's injuries sustained in the Crash, that are in any defendants' possession.

**OBJECTION AND RESPONSE TO REQUEST NO. 22:**

Defendants object to Request No. 22 because it is vague, ambiguous, overbroad, not limited in time or scope, and seeks information that is not material or reasonably calculated

to lead to the discovery of admissible evidence.  Notwithstanding and without waiving or in any

way limiting these objections and the General Objections, the defendants have turned over

property vouchers in Defendant's Response to Plaintiff's Demand for Documents.

The defendants will make an inquiry regarding forensic evidence from the Medical Examiner's

office.

Dated: New York, New York
      October 10, 2014

                      ZACHARY W. CARTER, ESQ.
                      Corporation Counsel of the
                       City of New York
                      Attorney for Defendants City of New York,
                      100 Church Street
                      New York, New York 10007
                      (212) 356-2593

              By:    _____
                      David DePugh, Esq.
                      Assistant Corporation Counsel

TO:    Steve Vaccaro, Esq.
       Law Office of Vaccaro and White
       *Attorneys for Plaintiff*
       225 Broadway, 13th Floor
       New York, New York 10007