# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

Index Number : 100958/2014

OYAMADA, TSUKASA

vs

N.Y.P.D.

Sequence Number : 001

ARTICLE 78

PART _52_

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

The following papers, numbered 1 to _5_ , were read on this motion to/for _Article 78_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _1_

Answering Affidavits — Exhibits _____ | No(s). _2,3, 4_

Replying Affidavits _____ | No(s). _5_

Upon the foregoing papers, it is ordered that this motion is _Art 78_

**FILED**

MAY 28 2015

NEW YORK
COUNTY CLERK'S OFFICE

RECEIVED
MAY 28 5
GENERAL CLERK'S OFFICE
NYS SUPREME COURT - CIVIL

motion and cross-motion are decided in accordance
with accompanying memorandum decision.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _5/12/15_

_____, J.S.C.
HON. MARGARET A. CHAN

1. CHECK ONE: .................................................. ☑ CASE DISPOSED    ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☐ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☑ OTHER

3. CHECK IF APPROPRIATE: ................................................ ☐ SETTLE ORDER    ☐ SUBMIT ORDER

☐ DO NOT POST    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: Part 52

INDEX NO. 100958/2014

In the Matter of the Application of
TSUKASA OMAYADA,

Petitioner,

DECISION and ORDER

For a Judgement under Article 78 of the
Civil Practice Law and Rules

· v ·

**FILED**

NEW YORK CITY POLICE DEPARTMENT,
Respondent.

MAY 28 2015

NEW YORK
COUNTY CLERK'S OFFICE

Margaret A. Chan, J.:

Petitioner seeks an order pursuant to CPLR Article 78 to appeal the denial of a Freedom of Information Law (FOIL) request made pursuant to New York Public Officers Law (POL). Respondent cross-moved to dismiss the petition. Petitioner submitted an amended petition and opposition to the cross-motion, to which respondent replied. The decision and order is as follows:

Petitioner's son, Ryo Oyamada, died in a motor vehicle accident on February 21, 2013. The vehicle that allegedly caused his death was owned and operated by respondent New York City Police Department (NYPD). On April 17, 2014, a FOIL request was initiated for "[a]ll records (including attachments) contained in the NYPD Internal Case Information System for fatal crash described above..."(id., Exh A). On May 21, 2014, the NYPD denied the request (id., Exh C). An administrative appeal was filed (id., Exh C), which was also denied on July 18, 2014 (id., Exh E). The NYPD claimed the request was denied because the documents fell into various FOIL exemptions: (1) the release of records would interfere with a judicial proceeding; (2) the records were used in the evaluation of NYPD officers; (3) the records included privileged Internal Affairs Bureau documents; and (4) they related to non-routine investigative techniques and procedures (id.).

In 2013, the administratrix for the estate of Ryo Oyamada, Mayumi Iijima, commenced an action in the United States District Court for the Eastern District for wrongful death against the City of New York, the NYPD and Darren Ilardi, the police officer who was allegedly driving the NYPD vehicle. During litigation of that matter a United States Magistrate Judge so ordered a stipulation for a protective order related to discovery materials (id., Exh F). The records requested in the instant proceeding are

part of the discovery in the federal action. Petitioner's counsel here is the same as plaintiff's counsel in the federal action, who signed the stipulation for the protective order (id.). Petitioner argued that there is an overriding public interest in disclosure of the NYPD records concerning the death of Mr. Oyamada, and thus, they should be disclosed irrespective of the protective order.

At the outset, respondent argued that petitioner lacks standing. The initial FOIL request was made by Mayumi Iijima. Therefore, petitioner here, Tsukasa Oyamada, is without standing (see POL § 89(4)). Petitioner attempted to correct this defect by filing a corrected verified petition under the instant index number after respondent cross-moved. The corrected verified petition puts forth a different caption by substituting the petitioner's name with Mayumi Iijima. That filing under another caption did not properly correct the defective petition, but it is of no moment, because even if petitioner had standing here, the petition would be denied.

Respondent correctly argued that the disclosure is moot because petitioner has access to the requested material, albeit subject to the protective order. The instant proceeding is plainly an attempt to circumvent the protective order. Where records were previously furnished to the petitioner, the agency is not under an obligation to provide the records again (see Matter of Khatibi v Weill, 8 AD3d 485 [2d Dept 2004]). Furthermore, the records fall under an exception to FOIL disclosure because they would interfere with a judicial proceeding (see POL § 87(2)(e)(I)) where a court has ordered their disclosure subject to certain limitations.

Accordingly, the petition is denied and respondent's cross-motion to dismiss is granted. The proceeding is dismissed.

This constitutes the decision and order of the court.

Dated: May 18, 2015

Margaret A. Chan, *J.S.C.*

FILED

MAY 28 2015

NEW YORK
COUNTY CLERKS OFFICE

Oyamada v New York City Police Dept.   Index # 100958/2014